**In re Lori E. HACKNEY, Debtor.**

**Stephen C. BECKER, Trustee in Bankruptcy, Plaintiff,**

**v.**

**The COUNTY OF SACRAMENTO, a political subdivision of the State of California, Defendant.**

**Bankruptcy No. 4–87–03201 JB–5. Adv. No. 4–87–0291 AJ.**

United States Bankruptcy Court, N.D. California.

Jan. 21, 1988.

Stephen C. Becker, San Francisco, Cal., pro se.

Lee B. Elam, County Counsel, Richard G. Llata, Deputy, Sacramento County, Sacramento, Cal., for defendant.

## MEMORANDUM DECISION

EDWARD D. JELLEN, Bankruptcy Judge.

### I. INTRODUCTION

Plaintiff Stephen C. Becker, Trustee in Bankruptcy, has moved for summary judg-ment and other relief against defendant County of Sacramento (the "County"). The relevant facts are not in dispute. On January 17, 1984, Lori E. Hackney, the above debtor, was convicted in the Municipal Court of California, County of Sacramento, of welfare fraud in violation of Section 11483 of the California Welfare and Institutions Code. As an incident of the conviction, she was ordered to pay restitution to the County. On October 17, 1984, the debtor executed a promissory note in favor of the County in the principal sum of $3,746.28 to evidence her restitution obligation.

Thereafter, the debtor defaulted on the note and on October 17, 1986, the County commenced an action against the debtor to obtain a judgment on the note. On May 1, 1987, the debtor paid the County the sum of $2,402.28 in respect of her liability on the note. On July 8, 1987, less than ninety (90) days later, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On September 8, 1987, the Trustee commenced the present action against the County to recover such sum as an avoidable preference under Bankruptcy Code Section 547(b). The County timely filed an answer which denied the material allegations of the complaint and raised a number of affirmative defenses.

By the present motions, the Trustee requests an Order striking these affirmative defenses, determining that the adversary proceeding is a core proceeding under 28 U.S.C. Section 157(b)(2)(F) and summary judgment pursuant to Bankruptcy Rule 7056.

### II. WAS THE COUNTY A CREDITOR WITHIN THE MEANING OF BANKRUPTCY CODE SECTION 547(b)(1)?

■ Pursuant to Bankruptcy Code Section 547(b)(1), a transfer, to be avoidable as a preference, must have been made "to or for the benefit of a creditor." The County contends that it was not a "creditor" within the meaning of Bankruptcy Code Section 547(b)(1) because it was acting solely as the agent of the State of California in collect-

ing the overpayments received by the debtor and because it remitted most of the $2,402.28 at issue to the State of California. In support of its contention, the County cites *Mooney v. Pickett*, 4 Cal.3d 669, 679, 94 Cal.Rptr. 279, 483 P.2d 1231 (1971), in which it was held that "[i]n administering General Assistance relief, the County acts as an agent of the state," and other cases which contain similar language.

This argument fails. California Welfare and Institutions Code Section 15150 provides with respect to available Federal monies that "the State Treasurer shall *pay to each county* from the sum so granted ..." (emphasis added) followed by description of the amount the State is to disburse to the county from the federal grant for the funding of public assistance. Similarly, California Welfare and Institutions Code Section 15152 provides that from the sums appropriated by the State of California "the State Treasurer shall *pay to each county* an additional amount, which shall be used exclusively for public assistance ..." (emphasis added). Under these provisions, no direct grant is made by the State or federal government to any welfare recipient. Rather, the federal grants are made to the State and the State grants are made to the county, which, in turn, administers the grants in accordance with applicable law.

California Welfare and Institutions Code Section 11487 provides, in relevant part, that "whenever any aid under this chapter *is repaid to a County or recovered by a County* ...", (emphasis added) the county must share the amounts recovered with the granting entity in proportion to the amount of the grant. The statutory language supports the view that a county is the principal when a recovery is made. Moreover, if a county were merely an agent when it obtains a recovery, there would be no need for Section 11487.

In addition, the undisputed facts of this case support the proposition that the County acted as a principal when it recovered the monies from the debtor. Debtor's promissory note was payable to the order of the County, not the State of California. The action to collect on the note was prosecuted by the County in its own name. The debtor was ordered by the State Court to make restitution to the County, rather than the State of California.

Finally, the term "creditor" is defined in Bankruptcy Code Section 101(9) to include any entity that has a "claim" that arose before the order for relief. "Claim," in turn, is defined in Bankruptcy Code Section 101(4) as broadly as possible (see infra.). The County qualifies as a "creditor" under these broad definitions notwithstanding the participation of the State of California in the initial grant and subsequent recovery.

For the foregoing reasons, the Court holds that the County was a creditor of the debtor within the meaning of Bankruptcy Code Sections 101(9) and 547(b)(1).

This conclusion is not inconsistent with the notion that the County acted as agent of the State of California in administering welfare payments. Under California Welfare and Institutions Code Sections 10604 et. seq., counties receiving grants from the State are required to administer the funds subject to the regulations and conditions established by the State. This does not mean, however, that the counties do not acquire ownership of the funds when the grants are made, or that the counties do not act as principals when they in turn make grants to, or effect recoveries from, the recipients.

## III. ARE THE STATE OF CALIFORNIA AND UNITED STATES OF AMERICA INDISPENSABLE PARTIES?

The County contends that the State of California and United States of America are indispensable parties to this action because it remitted most of the recovered funds to the State. This argument is not well grounded. There is no indication that complete relief as to the matters at issue in this adversary proceeding cannot be accorded to the Trustee and County, or that a judgment against the County will prevent it from recapturing the monies from the State, if it is entitled to do so. Nor is there any risk that the County will have a double liability. See Bankruptcy Rule 7019 and

Rule 19(a), Federal Rules of Civil Procedure.

In addition, it is by no means clear that the Trustee has a valid cause of action against the State of California or federal government, and the Trustee may very well have concluded that it was not in the economic interest of the estate to sue them. Under Bankruptcy Code Sections 550(a) and (b), various defenses to liability under Bankruptcy Code Section 547(b) are available to an immediate or mediate transferee of the initial transferee which are not available to the initial transferee. Specifically, Bankruptcy Code Section 550(b)(1) shields a subsequent transferee from liability if such transferee takes for value without knowledge of the voidability of the transfer, whereas the initial transferee is given no such protection. Under these circumstances, the rights and liabilities of the State of California and federal government would be quite different than those of the County. In addition, an action against the State or federal government might inject into the litigation tracing and other issues which are not relevant to the present litigation.

For the foregoing reasons, the Court holds that the State of California and federal government are not indispensable parties to this adversary proceeding.

## IV. WAS THE MONEY TRANSFERRED FOR OR ON ACCOUNT OF A "DEBT" OWED BY THE DEBTOR WITHIN THE MEANING OF BANKRUPTCY CODE SECTION 547(b)(2)?

▇ The County contends on the authority of *Kelly v. Robinson*, 479 U.S. ——, 107 S.Ct. 353, 66 B.R. [56] (1986), that the debtor's restitution obligation evidenced by the note was not a "debt" within the meaning of Bankruptcy Code Section 547(a)(2). Bankruptcy Code Section 101(11) defines "debt" as "liability on a claim." Bankruptcy Code Section 101(4) broadly defines "claim" to include any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured ...".

In *Kelly v. Robinson,* the Supreme Court held that the restitution obligation at issue was excepted from the debtor's discharge pursuant to Bankruptcy Code Section 523(a)(7). In arriving at this holding, the Court evaluated the language of Bankruptcy Code Sections 101(4) and 523(a)(7) "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems" (107 S.Ct. at 358) and concluded that in enacting Bankruptcy Code Section 523(a)(7), Congress did not intend to change prior law under which criminal judgments were not dischargeable in bankruptcy. In doing so, the Court stated that it had: "serious doubts whether Congress intended to make criminal penalties 'debts' within the meaning of Section 101(4)," but decided that it "need not address that question in this case." 107 S.Ct. at 361.

The majority opinion in *Kelly v. Robinson* focused upon the dischargeability of restitution debts. In his dissent, Justice Marshall noted that if restitution obligations were not "debts", then the holders of such obligations would not be entitled to participate in the distribution of a bankruptcy estate and that there would be no reason to except such obligations from the debtor's discharge because only "debts" are discharged. See Bankruptcy Code Sections 727 and 524(a).

Here, the Court need not decide the question which the Supreme Court declined to decide, i.e. whether a restitution obligation is a "debt", because in *In re Heincy,* 78 B.R. 246 (9th Cir. BAP 1987), the Ninth Circuit Bankruptcy Appellate Panel expressly held that a restitution obligation is a "debt" within the meaning of Bankruptcy Code Section 101(11) (and thus, the remaining provisions of the Bankruptcy Code, including Section 547(a)(2)). More recently in *In re Bullion Reserve of North America,* 836 F.2d 1214, 88 C.D.O.S. 179 (9th Cir. 1988), the Ninth Circuit Court of Appeals was faced with the task of determining who qualifies as a "creditor" for purposes of Bankruptcy Code Section 547(b), and in this context, reaffirmed the proposition that "Congress intended to provide the

broadest possible definition of 'claim' when it enacted Section 101(4)." Id. at 1218, 88 C.D.O.S. at 180.

The County argues that if the transfer at issue is avoided, such avoidance would constitute a modification of a criminal sentence imposed by the State Court. It is true that a judgment which compels the County to surrender a preference may deprive it of the benefit which the State Court intended it to receive. (This, of course, may be the result in any preference action in which the recipient of the transfer at issue is a judgment creditor.) It is also true, however, that although California's restitution provisions may serve both a compensatory and punitive function,[1] the County focused on the compensatory aspect by seeking to enforce its right to receive restitution through a normal civil collection proceeding and not through the criminal proceeding, under circumstances where the amount of the restitution awarded matched the amount of the County's loss.

In any event, the County's argument asks the Court to reach a conclusion inconsistent with the Court's opinion in *In re Heincy*, supra, wherein the Court held that a restitution debt was dischargeable in a Chapter 13 proceeding notwithstanding the fact that the debt arose as an incident to a criminal violation.

The County attempts to distinguish *In re Heincy* because the restitution statute at issue in *Heincy* provided that a restitution fine was a debt of the defendant owing to the state "excepting any amounts the Defendant has paid to the victims as a result of the crime." The County therefore argues in its memorandum (p. 12) that "any amount already paid is excepted as being classified as a debt" for purposes of Bankruptcy Code Section 547(b) and that the amount at issue herein paid by the defendant must be excepted as a "debt".

This argument has no merit. Bankruptcy Code Section 547(b)(1) provides that the debt in question is that which was "owed by the debtor before such transfer was made." If the presence or absence of a debt were determined after the payment was made, then no transfer would ever be avoidable as a preference.

## V. JURISDICTION

The County raises a number of objections to the Bankruptcy Court's jurisdiction, which the Court need not discuss at length. 28 U.S.C. Section 1334(b) vests jurisdiction in the United States District Courts to hear, inter alia, any proceedings arising in or under a bankruptcy case. 28 U.S.C. Section 157(a) authorizes the United States District Courts to refer such proceedings to the United States Bankruptcy Courts. Rule 700-2 of the Local Rules of the United States District Court for the Northern District of California refers all such proceedings to the Bankruptcy Court. 28 U.S.C. Section 157(b)(2)(F) provides that actions to avoid preferences are core proceedings. Neither jurisdiction nor the determination of core status depends upon the merits of the proceeding in question, as contended by the County.

It follows from the foregoing that this Court has jurisdiction to hear this adversary proceeding and that this adversary proceeding is a core proceeding.

## VI. CONCLUSION

At oral argument, the Trustee conceded that his moving papers did not address the elements of a preferential transfer set forth in Bankruptcy Code Sections 547(b)(3), (4) and (5). As to Bankruptcy Code Section 547(b)(4), the County's Answer denies that the transfer at issue was made on or within the ninety (90) days before the filing of the petition, although it is apparent from the agreed upon facts and other papers filed by the parties that there

---

1. See California Welfare and Institutions Code Section 11483, *People v. Sims*, 32 Cal.3d 468, 186 Cal.Rptr. 77, 651 P.2d 321 (1982), *People v. Durrett*, 164 Cal.App.3d 947, 210 Cal.Rptr. 874 (1985). Under the cited cases, certain minor

offenses may not be the subject of a criminal prosecution unless restitution is first sought, and any offense may be prosecuted even if restitution has been effected.

is no disagreement between them as to the date of the transfer or the date on which the bankruptcy petition was filed. The Court is therefore prepared to find that the elements of an avoidable preference set forth in Bankruptcy Code Sections 547(b)(1), (2) and (4) have been established by the Trustee.

This memorandum will constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52(a), Federal Rules of Civil Procedure, and an Order of Partial Summary Judgment consistent with this opinion will issue.