**In re Lori HACKNEY, Debtor.**

**COUNTY OF SACRAMENTO, a political subdivision of the State of California, Plaintiff,**

v.

**Lori HACKNEY, aka Lori Eileen Hackney, aka Lori Eileen Boyd, aka Lori Boyd, Defendant.**

**Bankruptcy No. 4–87–03201 JB5. Adversary No. 4–88–0135 AJ.**

United States Bankruptcy Court, N.D. California.

Oct. 18, 1988.

Lee B. Elam, County Counsel, Richard G. Llata, Deputy County Counsel, for plaintiff.

Lori Hackney, in pro per.

## MEMORANDUM OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

The question presented by this case is whether a creditor's nondischargeable claim against the debtor is reinstated when the debtor's pre-petition payment of that claim is recovered as a preference by the debtor's chapter 7 trustee. For the reasons stated below, the court concludes that the claim is reinstated and grants plaintiff's motion for summary judgment.

## SUMMARY OF FACTS

In 1984, the debtor was convicted of welfare fraud and sentenced to three years probation conditioned on her payment of restitution to the County of Sacramento (the "County"), the plaintiff herein. On May 1, 1987, the debtor paid the County $2,402.28 in partial satisfaction of her restitution obligation. On July 8, 1987, less than 90 days after making the restitution payment, the debtor filed a chapter 7 case. Shortly thereafter, in a separate adversary proceeding, the debtor's chapter 7 trustee obtained a judgment against the County, directing the County to return the restitution payment to the estate as a preference. The court's opinion in that adversary proceeding is reported in *In re Hackney*, 83 B.R. 20 (Bkr.Ct.N.D.Cal.1988). In this adversary proceeding, the County seeks a declaration of dischargeability as to its claim under 11 U.S.C. § 502(h), arising from the recovery of the restitution payment as a preference. The County seeks summary judgment against the debtor in the amount of $2,069, the balance of the restitution debt after the surrender of the preference.

## DISCUSSION

### A. SUMMARY JUDGMENT

Summary judgment is proper whenever the evidence before the court shows "... that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56; *Hershman v. Sierra Pacific Power Co.*, 434 F.Supp. 46 (D.Nev.1977). The County has presented sufficient evidence to the court to establish: (1) the original amount and nondischargeable nature of the pre-petition debt, (2) the amount that it was forced to surrender to the debtor's chapter 7 trustee, and (3) the balance of the debt after the surrender. The debtor, who is unrepresented by counsel, filed no written opposition to the motion. However, she did appear at the hearing and read a handwritten statement into the record. From this statement, it could be inferred that she had read and substantially understood the plaintiff's moving papers

and the authorities cited therein. Her opposition to the motion, which will be discussed below, was based solely on a legal ground. She did not contend that there was any genuine issue as to any material fact. Therefore, summary judgment appears to be an appropriate way to resolve the question presented by this case.

## B. RESTITUTION DEBT AS PREFERENCE

The United States Supreme Court has held that a criminal restitution obligation, imposed as a condition of probation, is not discharged in a case under chapter 7 of the Bankruptcy Code. *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). In so deciding, however, the Court declined to decide whether or not the restitution obligation was a debt. The Court noted that under the Bankruptcy Act, while there was no express exception from discharge for such claims, the weight of authority held that such claims were not "debts" within the meaning of the Bankruptcy Act and thus were not affected by a bankruptcy discharge. *Kelly v. Robinson, supra,* 107 S.Ct. at 358–359. The Court expressed serious doubt that the Bankruptcy Code had abrogated this well established rule, particularly given the absence of a clear expression of such an intent. However, the Court concluded that it did not have to decide this question since, if the restitution obligation were a debt, it was clearly nondischargeable in a chapter 7 case under 11 U.S.C. § 523(a)(7) (fines or penalties payable to governmental units other than to compensate for pecuniary loss).

The same question was presented in a subsequent chapter 13 case in this Circuit. Since 11 U.S.C. § 523(a)(7) does not apply in a chapter 13 case, in that case, the bankruptcy court was forced to decide whether or not the restitution obligation was a debt in order to determine whether it was dischargeable. The bankruptcy court held that the restitution obligation was a debt and that the debt was dischargeable in a chapter 13 case. That judgment was affirmed on appeal by the Bankruptcy Appellate Panel. *In re Heincy,* 78 B.R. 246 (9th Cir.BAP 1987).

The holding in *Heincy, supra,* was binding on this court at the time the trustee filed his preference action against the County. As a consequence, the bankruptcy court in *Hackney, supra,* felt compelled to find that the debtor's restitution payment to the County was recoverable as a preference. *Heincy, supra,* has now been reversed on the ground that, for reasons not relevant to this case, it was premature to decide whether or not the restitution obligation involved in that case was a debt which could be discharged in a chapter 13 case. *In re Heincy,* 858 F.2d 548 (9th Cir.1988) Had the *Heincy* case been reversed before the bankruptcy court decision in *Hackney, supra,* one can only speculate whether the bankruptcy court would have ordered the debtor's pre-petition payment to the County recovered as a preference. Unfortunately, the decision in *Hackney, supra,* is final. A decision cannot be set aside once it is final simply because it was based on a legal precedent that is subsequently reversed. 11 Wright and Miller, Federal Practice and Procedure, § 2863, p. 204 (West Publishing Co.1973); *Title v. United States,* 263 F.2d 28 (9th Cir.1959) *cert. denied* 359 U.S. 989, 79 S.Ct. 1118, 3 L.Ed.2d 978. Therefore, in determining the issue presented by this adversary proceeding, this court must set aside any concern that the debtor's pre-petition payment of her restitution obligation may not have been properly recoverable as a preference.

## C. EFFECT OF AVOIDANCE OF PRE-PETITION PAYMENT OF NONDISCHARGEABLE DEBT

As stated above, the question presented by this summary judgment motion is whether a creditor who is forced to surrender as a preference the pre-petition payment of its nondischargeable claim has its nondischargeable claim against the debtor reinstated or receives nothing more than a claim against the estate under 11 U.S.C. § 502(h). The County assumes that the claim is reinstated and thus offers no argu-

ment or authority as to why that is or should be so. The defendant argues that she has paid the nondischargeable debt, that it is not her fault that the bankruptcy trustee recovered the payment, and that it would be unfair to have the nondischargeable debt reinstated. Under this view, the plaintiff's claim under 11 U.S.C. § 502(h) is a new claim which can only be asserted against the estate.

■ Neither the statutes nor the case law contain any clear answer to this question. The only section of the Bankruptcy Code that directly addresses the rights of a creditor who is forced to return an avoided transfer is 11 U.S.C. § 502(h), which provides as follows:

> (h) A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

Section 550 includes in its coverage preferences avoided by the trustee under 11 U.S.C. § 547. Bankruptcy Rule 3002(c)(3) gives the transferee thirty days from the date the judgment avoiding the transfer becomes final to file a proof of claim against the estate. Thus, clearly, under 11 U.S.C. § 502(h), the recipient of a preference who is forced to surrender a preference to a bankruptcy trustee has the right to file a claim against the debtor's bankruptcy estate.[1]

However, nothing contained in either 11 U.S.C. § 502(h) or Bankruptcy Rule 3002(c)(3), clearly indicates whether the claim given the transferee of the avoided transfer is the same claim that existed before the creditor was preferred or a new claim. One can argue that it would be unreasonable to infer from 11 U.S.C. § 502(h) such a drastic result as the reinstatement of a nondischargeable claim against the debtor. Section 502 has as its subject matter the allowance of claims or interests against a bankruptcy estate, not the dischargeability of a claim against the debtor. The terms "allowed" and "disallowed" refer only to the right of a claimant to share in any dividend from a bankruptcy estate, not to any right to pursue the debtor after discharge. The term "determined" can be argued to imply more, since the Code speaks of a determination of dischargeability. 11 U.S.C. § 523(d). However, this reference is at best ambiguous. The Code also speaks of a determination of secured status; 11 U.S.C. § 506. Moreover, a creditor's right to a claim under nonbankruptcy law and the amount of that claim must be "determined" before it can be allowed or disallowed.

There is some case authority for the proposition that the claim under 11 U.S.C. § 502(h) is a claim against the debtor, not just a claim against the estate. *In re Verco*, 10 B.R. 347, 7 BCD 639 (9th Cir.BAP 1981) *reversed in part and remanded* 704 F.2d 1134, 10 BCD 819 (9th Cir.1983). In that case, a debtor-in-possession avoided as a fraudulent transfer a pre-petition sale of personal property which did not comply with the bulk transfer laws. As a result of that avoidance, the debtor was permitted to

---

**1.** The Bankruptcy Act contained a similar provision in Section 57n:

> ... a claim arising in favor of a person by reason of the recovery by the trustee from such person of money or property, or the avoidance by the trustee of a lien held by such person, may be filed within thirty days from the date of such recovery or avoidance, but if the recovery is by way of a proceeding in which a final judgment has been entered against such person, the claim shall not be allowed if the money is not paid or the property is not delivered to the trustee within thirty days from the date of the rendering of such final judgment, or within such further time as the court may allow.

The legislative notes to this provision refer to this claim as a "reinstated claim":

> "We have also added a provision which broadly is declaratory of existing law, namely, that a creditor from whom a transfer is recovered or against whom a lien is avoided in favor of the estate, may file his reinstated claim within thirty days from the date of such recovery or avoidance. However, we have made clear and certain the rights of the estate and the creditor in such a situation."

Analysis of H.R. 12889, 74th Cong., 2d Sess. (1936) 180.

retain the property sold, physical possession of which had never been transferred. However, the debtor also sought to enforce a promissory note for the balance of the purchase price. The bankruptcy court refused to permit the debtor to enforce this claim against the disappointed purchaser.

The Bankruptcy Appellate Panel reversed, holding that the debtor-in-possession was entitled both to avoid the sale and to recover the balance of the purchase price. Although apparently not raised by the parties, the Panel considered sua sponte whether the disappointed purchaser was entitled to assert its claim under 11 U.S.C. § 502(h) as a setoff against the debtor-in-possesions's claim for the balance of the purchase price. Two of the panelists concluded that the purchaser was not entitled to a setoff. Like the debtor in this case, they reasoned that Verco had fulfilled its part of the bargain and that the claim under 502(h) was a new claim. *In re Verco*, 10 B.R. at 351, 7 BCD at 641.

The third panelist disagreed. He noted that Section 553 contains two requirements for setoff: timing and mutuality. Since 11 U.S.C. § 502(h) gives the transferee of an avoided transfer a pre-petition claim, the timing requirement was clearly met. As to mutuality, he reasoned that:

A claim that is deemed to have arisen before bankruptcy is by necessary implication deemed to have been owed to the estate's predecessor, here Verco Industries.

*In re Verco*, 10 B.R. at 353, 7 BCD at 642. The Ninth Circuit agreed with the third panelist; *In re Verco*, 704 F.2d at 1138, 10 BCD at 821; holding that the claim arising from the avoidance of a transfer under 11 U.S.C. § 502(h) is a claim against the debtor, not just a claim against the estate. Furthermore, in one instance, the Ninth Circuit refers to the claim under 11 U.S.C. § 502(h) as "reinstated." *In re Verco, supra*, 704 F.2d at 1139, 10 BCD at 822.

However, the *Verco* case is not determinative of the question presented here. In *Verco*, the claim against the debtor was more precisely a claim against the estate in its capacity as pre-petition debtor. Since Verco was a corporate debtor, the question of nondischargeability was not at issue.

The language of 11 U.S.C. § 727(b) can also be argued to support the reinstatement of a nondischargeable claim under 11 U.S.C. § 502(h). It provides that:

*Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from* all debts that arose before the date of the order for relief under this chapter, and *any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case,* whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title. (emphasis added)

Thus, a claim under 11 U.S.C. § 502(h) is not discharged if excepted from discharge under 11 U.S.C. § 523. However, this argument begs the question. If the claim is a new claim, not a reinstated one, the claim under 11 U.S.C. § 502(h) is discharged because such a claim is not expressly excepted from discharge by 11 U.S.C. § 523.

A contrary, but similarly inconclusive, argument can be made based on 11 U.S.C. § 101(9). This provision defines creditor as (1) any entity with a claim against the debtor that arose before the filing of the petition and (2) any entity with a claim against the estate that is to be treated as if it were a pre-petition claim, such as a claim under 11 U.S.C. § 502(h). One can argue that this definition indicates that a claim under 11 U.S.C. § 502(h) is nothing more than a claim against the estate. However, as with 11 U.S.C. § 727(b), this is not the only possible interpretation. One can just as easily argue that this definition is intended to broaden the meaning of the term "creditor"—to include the holder of a claim under 11 U.S.C. § 502(h) who might not ever have had a direct claim against the debtor—not to narrow the meaning of a claim under 11 U.S.C. § 502(h).

In the absence of any clear guidance as to what Congress intended the rule

to be, the court is forced to make a judgment as to what the rule should be in light of underlying bankruptcy policies. The court concludes that these policies are best satisfied if a nondischargeable claim is reinstated under 11 U.S.C. § 502(h).

For an individual debtor, the primary purpose for filing a bankruptcy case is to receive a discharge from debt. Society's motive for providing an individual debtor with a "fresh start" through such a discharge is its belief that a debtor, thus freed from his or her debts, will be a more productive member of the economy than a debtor overburdened by debts he or she is unable to pay. *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). Exceptions to discharge work against this policy. For that reason, the creditor has the burden of establishing that a debt falls within such an exception, and courts are required to construe exceptions to discharge narrowly in favor of the debtor. 3 Collier on Bankruptcy, § 523.05, p. 523–16, n. 3, § 523.05A, pp. 523–16–523–17 (15th ed. 1979); *Schlecht v. Thornton,* 541 F.2d 286 (9th Cir.1976).

Nevertheless, the types of debts declared nondischargeable appear to be increasing. Under the original Bankruptcy Act of 1800, the only nondischargeable debts were debts owed to the United States or to a state. Section 17 of the Act of 1898 established a much broader range of nondischargeable debts. These exceptions have been expanded and clarified regularly under both the Bankruptcy Act and in the corresponding provision of the Bankruptcy Code, Section 523.

The current exceptions cannot be rationalized in any consistent way. Some involve debts which were incurred by the debtor through fraud or some other misconduct. Cf., 11 U.S.C. § 523(a)(2), (4) and (6). Others do not necessarily involve any misconduct by the debtor. Cf., 11 U.S.C. § 523(a)(1), (5), and (8). All that one can say about the entire range of exceptions from discharge is that Congress has determined that it would be unfair to permit a chapter 7 case to discharge these types of debt and that this consideration is suffi-cient to override the general policy in favor of a "fresh start."

In the case of the instant debt, at least as it existed before it was paid, Congress has already determined that the compelling nature of the debt justifies disregarding the "fresh start" policy. Thus, the fact that reinstating the nondischargeable claim under 11 U.S.C. § 502(h) interferes with the debtor's "fresh start" should not be the ground for finding the claim dischargeable unless the fact that the debt was paid prior to the bankruptcy case tips the balance in favor of the debtor's "fresh start."

Two arguments may be made that the pre-petition payment of the debt does tip the scales: (1) that it is inherently unfair to require the debtor to pay the same debt twice; and (2) that the rule should be one that promotes the voluntary payment of nondischargeable debts. Neither of these arguments bears up under close scrutiny.

Given the nature of a preference, it is not true in any equitable sense that reinstating the claim under 11 U.S.C. § 502(h) requires the debtor to pay the debt twice. The recovery of preferences serves the fundamental bankruptcy policy of equality of distribution. 4 Collier on Bankruptcy § 547.01, p. 574–11 (15th ed. 1979). It requires a finding that the debtor was insolvent when the payment was made and essentially treats the estate as if it were already created during the preference period. Since an insolvent debtor has no equity in that estate, the pre-petition payment was in fact made by the other creditors of the estate, not by the debtor. It is this inequity that the preference law serves to redress.

The second argument is equally unsound. It is true that, if such claims are not reinstated under 11 U.S.C. § 502(h) when recovered as preferences, the debtor would have an even greater incentive to pay them before bankruptcy. Such payment would be either: (1) at the expense of the other creditors if the preference were not recovered or (2) at the expense of the holder of the nondischargeable claim if the preference were recovered and the claim discharged. This seems inconsistent with the

apparent intent of Congress in making the debts nondischargeable rather than giving them a priority in distribution: to place the burden of paying these debts on the post-bankruptcy debtor. In addition, such a rule would not make it more, but less likely that such claims would be satisfied.

The court recognizes that such a rule, if established, would apply to claims arising from a variety of avoiding powers, not just the recovery of preferences. While it is difficult to anticipate what policy arguments might be made in connection with other types of transfers and claims, the court can see no obvious injustice that would result from such a rule in other contexts. Certainly, had the restitution obligation been paid post-petition and the payment recovered under 11 U.S.C. § 549, permitting the restitution obligation to be discharged would be even more difficult to reconcile with bankruptcy policy than in the case of a preference.

## CONCLUSION

The court concludes that the avoidance of a transfer under the bankruptcy avoiding powers cited in 11 U.S.C. § 502(h) reinstates the transferee's nondischargeable claim against the debtor. Thus, if the transferee can satisfy the requirements of the Code and Rules for having its original debt declared nondischargeable, it may do so equally with respect to its reinstated claim.[2] The court finds that the County of Sacramento is entitled to such a declaration in this instance as a matter of summary judgment.

---

2. Because this case involves a debt excepted from discharge other than under 11 U.S.C. § 523(c), a declaration of nondischargeability may be requested at any time. Bankruptcy Rule 4007(b). It is unlikely that a creditor with a reinstated claim seeking a declaration of non-dischargeability under 11 U.S.C. § 523(c) would be in a position to file such a complaint within the time provided by Bankruptcy Rule 4007(c). In such an instance, a court might conclude that the thirty day grace period for filing a claim under Bankruptcy Rule 3002(c)(3) might also authorize a 30 day grace period for filing complaints for nondischargeability. On the other hand, a court might conclude that this unequal result is consistent with the inequity already established by 11 U.S.C. § 523 and Bankruptcy Rule 4007 for the two types of debts.