In re: **SEDONA INSTITUTE; Sedona Self Realization Group, Debtors.**

**Law Offices of Neil Vincent Wake, Appellant,**

v.

**Joint Official Committee of Unsecured Creditors, Appellee.**

No. 00–15769.

D.C. No. CV–99–00855–PGR.

Bankr.Case Nos: B–92–08152–PHX–RTB and B–93–02133–PHX–RTB.

United States Court of Appeals, Ninth Circuit.

Submitted * Oct. 16, 2001.

Decided Nov. 1, 2001.

---

**5.**  *Id.* § 805(a)(6).

* The panel unanimously finds this case suitable for decision without oral argument.  Fed. R.App. P. 34(a)(2).

Before SNEED, TROTT, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Appellant Law Offices of Neil Vincent Wake ("Wake") argues that both the bankruptcy court and the district court erred by denying his application under 11 U.S.C. § 503(b) to recover as an administrative expense of the bankruptcy estate the fees he incurred preparing a motion to appoint a trustee or an examiner with expanded powers. Because the parties are familiar with the facts, we recite only those facts integral to our decision.

The bankruptcy court denied Wake's application on two independent grounds: (1) Wake's work on the Examiner/Trustee and Trustee Motions did not make a substantial contribution to the bankruptcy proceedings; and (2) Wake's fees had not been "incurred by" the Handel Group, who had no obligation to pay Wake absent allowance of his fees as an administrative expense under § 503(b). The United States District Court for the District of Arizona affirmed both grounds for the

bankruptcy court's decision. Because we affirm the bankruptcy court's decision that Wake did not make a substantial contribution to the bankruptcy proceedings, we do not address the merits of the alternative ground for the decision.

"The inquiry concerning the existence of a substantial contribution is one of fact, and it is the bankruptcy court that is in the best position to perform the necessary fact finding task." *See Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 946 (3d Cir.1994). We review the bankruptcy court's finding of fact for clear error. *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir.1998), *cert. denied*, 526 U.S. 1149, 119 S.Ct. 2029, 143 L.Ed.2d 1039 (1999).

A creditor's showing that it made a "substantial contribution" to the bankruptcy proceedings is the *sine qua non* of recovery under § 503(b). *See* 2 Norton Bankruptcy Law & Practice 2d § 42:28 (1997) ("The preeminent question to be asked before awarding professional compensation under § 503(b)(4) is whether the services resulted in an actual, direct and demonstrable benefit to the estate."). A creditor's application under § 503(b) should be allowed only if the creditor demonstrates by a preponderance of the evidence that the expenses were incurred in an endeavor that "provide[d] tangible benefits to the bankruptcy estate and the other unsecured creditors." *In re Catalina Spa & R.V. Resort, Ltd.*, 97 B.R. 13, 17 (Bankr.S.D.Cal.1989).

Wake's conduct fails to meet this exacting standard. Wake prepared and filed the Examiner/Trustee Motion. Joseph C. McDaniel ("McDaniel"), Wake's co-counsel, explained to his clients: "we have asked

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the bankruptcy court to continue to invest the power to control the assets of SI and SSRG in a party independent from any person previously or currently associated with SI or SSRG."[1]

Shortly before the bankruptcy court heard the motion, McDaniel withdrew the motion to appoint an examiner with expanded powers. Although Wake insists that he did not advise McDaniel to withdraw the motion, the record shows that shortly before McDaniel withdrew the motion Wake counseled him that "the situation might be changed sufficiently to the better if a trustee is appointed (but not if an examiner with extended powers is appointed) that it might make a difference as to whether this case is economically viable from a contingent fee point of view."

Wake's claim that his services made a substantial contribution to the estate because the bankruptcy court appointed an examiner is a *non sequitur*. Wake's motion, by its plain terms, sought appointment of a trustee (or an examiner with powers equivalent to those of a trustee). Although the court "considered" Wake's motion, it did not grant the relief he requested.

The bankruptcy court did not clearly err by determining that Wake's Trustee Motion did not make a substantial contribution to the bankruptcy proceedings. Accordingly, we affirm the bankruptcy court's denial of Wake's fee application. AFFIRMED.

---

1. Such active administration of the estate is a power of a trustee, or an examiner with extended powers, but not of an examiner. *See* 11 U.S.C. § 704 (2000) (setting forth the duties of a trustee); 11 U.S.C. § 1106 (2000) (indicating that while a trustee controls and administers the estate, an examiner only investigates and reports facts relevant to the estate); *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 475 (3rd Cir.1998) ("Under the Bankruptcy Code, a trustee is given all the powers of an examiner to analyze and report on the interests of the parties and actions of the debtor, but is also given the power to act on behalf of the estate, including the filing of a reorganization plan...."); *Boileau & Johnson (In re Boileau)*, 736 F.2d 503, 506 (9th Cir.1984) ("As a rule, an examiner's duties are more restricted than those of a trustee.").

