**In re Charles LAIZURE and Judy Laizure, Debtors.**

**Busseto Foods, Inc., Appellant,**

v.

**Charles Laizure, Appellee.**

**BAP No. EC–06–1112–BMOS.
Bankruptcy No. 05–16444–A–7.
Adversary No. 05–01374–D.**

United States Bankruptcy Appellate Panel for the Ninth Circuit.

Argued and Submitted on July 21, 2006 at Sacramento, California.

Filed—Sept. 1, 2006.

Kristine Kelly, Fresno, CA, for Debtors.

Before: BRANDT, MONTALI, and SMITH, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

Debtor made the final payment on his settlement of an embezzlement claim within 90 days of filing his bankruptcy petition. The chapter 7[1] trustee demanded repayment from the appellant, which settled for a reduced amount. Before making payment, appellant filed a complaint against debtor asserting that its claim against

---

1. Absent contrary indication, all "Code," chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 prior to its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 23, as the case from which the adversary proceeding and this appeal arise was filed before its effective date (generally 17 October 2005).

All "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "FRCP" references are to the Federal Rules of Civil Procedure.

debtor was revived, and seeking a determination of nondischargeability under § 523(a)(4). The bankruptcy court dismissed the complaint for failure to state a claim on which relief could be granted because there was no claim on the petition date, and § 502(h) authorizes only a claim against the estate upon surrender of a preference.

As that section does not reinstate a debtor's liability, and appellant has not articulated any other basis for reinstatement, we AFFIRM.

## I. FACTS

Debtor Charles Laizure was employed by appellant Busseto Foods, Inc., ("BFI") as its controller and chief financial officer for several years. After Laizure's termination in 2004, the new controller discovered irregularities in banking records kept by Laizure. Laizure had allegedly embezzled significant funds from BFI during his employment, which he agreed to repay. He made the final payment of $38,833.70 in June 2005, pursuant to an agreement that includes a comprehensive release upon payment of that amount. Exhibit E to Complaint.

Less than 90 days later, Laizure and his wife filed a chapter 7 petition. The chapter 7 trustee wrote to BFI demanding repayment of the final $38,833.70 payment as preferential. BFI ultimately settled the preference claim for $34,000, which BFI paid to the trustee, and for which it filed a general unsecured claim against the bankruptcy estate. While in settlement negotiations, BFI filed a timely complaint objecting to dischargeability under § 523(a)(4).

Laizure moved to strike the nondischargeability complaint. BFI opposed. After a hearing, the bankruptcy court dismissed the complaint pursuant to FRCP 12(b)(6), applicable via Rule 7012, reasoning that there was no debt owing to BFI on the petition date, and that § 502(h), which allows a creditor's claim for property turned over pursuant to § 550, gives rise only to a claim against the estate, and does not reinstate a personal claim against a debtor.

BFI timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334 and § 157(b)(1) and (b)(2)(I), and we do under 28 U.S.C. § 158(c).

## III. ISSUE

Whether the bankruptcy court erred in dismissing BFI's complaint for failure to state a claim.

## IV. STANDARD OF REVIEW

■ We review de novo a bankruptcy court's decision to dismiss a claim pursuant to FRCP 12(b)(6). *In re Stoll*, 252 B.R. 492, 495 (9th Cir. BAP 2000).

## V. DISCUSSION

In considering a motion to dismiss a complaint for failure to state a claim, FRCP 12(b)(6), the bankruptcy court must take as true all allegations of material fact and construe them in the light most favorable to the nonmoving party. Dismissal is appropriate only if it appears certain that plaintiff could not prove any state of facts that would entitle it to relief. *Stoll*, 252 B.R. at 495.

■ In addition to allegations relating to its embezzlement claim, BFI's complaint stated that the amount due had been paid off pre-petition, and thus there was no debt owing as of the petition date, but that negotiations were in progress on the chap-

ter 7 trustee's claim that the final payment was a preference.

Section 502(h) of the Code provides:

A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

BFI contends that this provision reinstated its claim against the debtor once it paid the settlement of the trustee's claim.

With the exception of *In re Hackney*, 93 B.R. 213 (Bankr.N.D.Cal.1988), the cases BFI cites hold that a transferee who pays back funds to a trustee pursuant to the cited sections is entitled to a claim against the *estate*. *E.g., In re Verco Indus.*, 704 F.2d 1134, 1138 (9th Cir.1983). None holds that § 502(h) revives a claim, nondischargeable or not, against a debtor.

BFI primarily relies on *Hackney*, wherein the bankruptcy court held that a creditor who pays back a preferential payment to the trustee has its nondischargeable claim against the debtor reinstated. While observing that "§ 502 has as its subject matter the allowance of claims or interests against a bankruptcy estate," 93 B.R. at 216, the bankruptcy court there found the statutory language is ambiguous. Noting the absence of any helpful authority, the bankruptcy court considered underlying bankruptcy policies. It reasoned that in the nondischargeability provisions of the Code, Congress expressed its desired limitations on the fresh start policy; that reinstating the nondischargeable nature of the debt would not result in the debtor paying the debt twice, as an insolvent debtor's payment is effectively made at the expense of other creditors; and that not reinstating the nondischargeable na-

ture of the debt would make it less, not more, likely that such claims would be satisfied. *Id.* at 218–19.

With all respect to the *Hackney* court's thorough and well-reasoned opinion, our present inquiry ends with its initial impression that § 502 pertains solely to claims against the estate. Subsection (h) refers to allowance under subsections (a), (b), and (c), and disallowance under subsections (d) and (e). Section 502(a) provides: "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." Subsection (b) sets forth various limitations on claims allowance, and subsection (c) allows for estimated claim amounts in certain circumstances. Subsections (d) and (e) set forth grounds for disallowance of certain claims. The reference to proofs of claim indicates subsection (a) relates to claims against the estate, as do the subsections pertaining to allowance and disallowance.

■■■ Although *Hackney* sets forth compelling policy arguments for reviving nondischargeable debt upon repayment of a preference, we must interpret statutes according to their plain meaning, as the Supreme Court has emphasized in cases decided since *Hackney:* "It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Lamie v. U.S. Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (citations omitted); *see also U.S. v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241–42, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

■■■ The bankruptcy court also predicated its ruling in part on the fact that there was no debt on the petition date. BFI argues that it had a contingent claim

on the petition date, citing the Code's broad definition of "claim:" "[a] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" § 101(5)(A). A "debt" is simply "liability on a claim." § 101(12). But even if BFI had a contingent claim on the petition date:

> Except as provided in section 523 of this title, a discharge ... discharges the debtor from all debts that arose before [the petition date], and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim ... is filed, ... and whether or not a claim based on any such debt or liability is allowed ....

§ 727(b). BFI does not even address this language, which may well eviscerate its position. The court in *Hackney* adverts to it (" § 727(b) *can also be* argued to support the reinstatement of a nondischargeable claim[,]" 93 B.R. at 217 (emphasis added)), but goes no further. The contrary can also be argued, but BFI has not even attempted to parse the text. We decline to embark on construction of this perhaps ambiguous section unaided by briefing, and when the issue was not presented to the trial court: "[A]n appellate court will not consider issues not properly raised before the [trial] court. Furthermore, on appeal, arguments not raised by a party in its opening brief are deemed waived." *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999). *See also In re Sedona Inst.,* 220 B.R. 74, 76 (9th Cir. BAP 1998), *aff'd,* 21 Fed.Appx. 723 (9th Cir.2001); *In re Jodoin,* 209 B.R. 132, 143 (9th Cir. BAP 1997); and *Laboa v. Calderon,* 224 F.3d 972, 985 (9th Cir.2000). In fact, BFI does not argue that *any* of the relevant sections of the Code is ambiguous, or absurd, or

does not express Congress' intent. Any such issue is waived.

BFI also makes a skeletal argument that *Archer v. Warner,* 538 U.S. 314, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003) stands not only for the proposition that a settlement agreement does not transform a nondischargeable debt into a dischargeable contract debt, but also that payment of that settlement and a release thereunder does not preclude a claim for nondischargeability. But BFI explicates no rationale for this expansion, and cites no authority in its brief for this argument, contrary to Rule 8010(a)(1)(E). It has waived the issue on appeal. *In re O'Brien,* 312 F.3d 1135, 1136 (9th Cir.2002) (applying FRAP 28); *In re JSJF Corp.,* 344 B.R. 94, 99 (9th Cir. BAP 2006); *Heft v. Moore,* 351 F.3d 278, 285 (7th Cir.2003). We need not, and do not, consider it.

Finally, we note that BFI made to the bankruptcy court a similarly skeletal argument that equity required reinstatement of debtor's liability. That argument was not pursued on appeal.

## VI. CONCLUSION

As BFI has articulated no other basis for debtor's liability, and § 502(h) will not support it, we AFFIRM.