**In re Warren Joseph STOLL, Debtor.**

**Warren Joseph Stoll, Appellant,**

v.

**Rudy Quintanar; Lee & Associates; William Friedman; and Coldwell Banker Jon Douglas Company, Appellees.**

**BAP No. CC–99–1837–PMaRi.**

**Bankruptcy No. LA 97–29951–ER.**

**Adversary No. LA 99–02860–ER.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on June 21, 2000 at Pasadena, California.

Filed Aug. 3, 2000.

**494**

Robert S. Altagen, Law Offies of Robert S. Altagen, Los Angeles, CA, for Warren Joseph Stoll.

Peter J. Krupinsky, Agapay, Levyn & Halling, Los Angeles, CA, for Rudy Quintanar.

Before PERRIS, MARLAR and RIMEL,[1] Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge.

Appellant Warren Joseph Stoll ("Debtor") sought damages against the real estate brokers ("Appellees") hired by the trustee in his Chapter 7[2] case to assist with the sale of real property owned by the bankruptcy estate. The bankruptcy court dismissed Debtor's complaint. We AFFIRM because the individual beneficiaries of a bankruptcy estate, including individual creditors and the debtor (if the estate is solvent), lack standing to sue professionals employed by the trustee.

## FACTS

Debtor's Chapter 7 estate included a commercial office building (the "Property"). The Chapter 7 trustee filed a motion for an order authorizing the sale of the Property. Debtor opposed the trustee's motion on the basis that the sales price was less than the market value of the Property and that the Property had not been adequately marketed. The bankruptcy court held a hearing on the trustee's motion and entered an order approving the sale.

After the Property was sold, Debtor filed a complaint for damages in state court against the Appellees. Debtor sought damages for fraud, breach of fiduciary duty, breach of contract and breach of the implied covenant of good faith and fair dealing. Debtor alleged that Appellees' misconduct resulted in a reduced sales price.

---

1. Hon. Whitney Rimel, Bankruptcy Judge for the Eastern District of California, sitting by designation.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

Appellees removed the complaint to the bankruptcy court and filed a motion to dismiss Debtor's complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).[3] The bankruptcy court granted Appellees' motion to dismiss. Debtor timely appealed.

## ISSUE

Whether the bankruptcy court erred in dismissing Debtor's complaint.

## STANDARD OF REVIEW

■ The Panel reviews de novo a bankruptcy court's decision to dismiss a complaint pursuant to Fed.R.Civ.P. 12(b)(6). *In re Carpenter,* 205 B.R. 600, 604 (9th Cir. BAP 1997).

## DISCUSSION

The bankruptcy court concluded that Debtor did not have standing to assert the claims raised in the complaint because Appellees owed fiduciary and contractual duties only to the trustee, not to Debtor. In his brief, Debtor states that the bankruptcy court erred in determining that he did not have standing but he does not address the issue further.

■ A dismissal for lack of standing is a subspecies of dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *In re Saylor,* 178 B.R. 209, 215 (9th Cir. BAP 1995), *aff'd,* 108 F.3d 219 (9th Cir. 1997). When considering a motion to dismiss for failure to state a claim, a court must take as true all allegations of material fact and construe them in a light most favorable to the nonmoving party. *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480 (9th Cir.1995). A claim should be dismissed "only if it appears to a certainty that [the plaintiff] would be entitled to no relief under any state of facts that could be proved." *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). "To have standing a party must assert its own legal rights and interests and cannot rest its claim to relief on the legal rights or interest of third parties." *In re Cogar,* 210 B.R. 803, 808 n. 7 (9th Cir. BAP 1997).

■ While a third party hired by a bankruptcy trustee may owe a fiduciary duty to the estate, *see, e.g., In re Taxman Clothing Co.,* 49 F.3d 310, 314 (7th Cir. 1995), it does not necessarily follow that Debtor and individual creditors[4] have standing to pursue redress for a violation of that duty. A trustee is the legal representative of the bankruptcy estate and as such has the capacity to sue and be sued. § 323. *See also In re Joseph,* 208 B.R. 55, 60 (9th Cir. BAP 1997). Only a trustee may pursue a cause of action belonging to the bankruptcy estate. *Griffin v. Allstate Ins. Co.,* 920 F.Supp. 127, 130 (C.D.Cal. 1996); *Bostanian v. Liberty Savings Bank,* 52 Cal.App.4th 1075, 61 Cal.Rptr.2d 68, 72 (1997).

■ "A creditor does not have standing to assert an action against a third party if the creditor has only suffered a general injury, common to all creditors and derivative of injury to the debtor ...." *In re Sunshine Precious Metals, Inc.,* 157 B.R. 159, 163 (Bankr.D.Idaho

---

**3.** Fed.R.Civ.P. 12(b)(6) is made applicable to adversary proceedings by Rule 7012.

**4.** Ordinarily, a debtor does not have standing to challenge actions affecting the size of the estate, because the debtor has no pecuniary interest in the property of the estate. *See In re Thompson,* 965 F.2d 1136, 1144 (1st Cir. 1992). There is an exception. When as in this case an estate will have a surplus that will be returned to the debtor after all of the creditors have been paid in full, the debtor has an economic interest in the estate that is similar to that held by the creditors who will be paid from the estate. Under those circumstances, the debtor would have standing to complain about the actions of third parties hired by the trustee if the creditors of the bankruptcy estate would have standing. *See, e.g., In re Mark Bell Furniture Warehouse, Inc.,* 992 F.2d 7, 10 (1st Cir.1993)(a solvent debtor has standing to appeal orders affecting the size of the estate). Thus, although this disposition discusses Debtor's standing, our holding is equally applicable to the standing of individual creditors.

1993). *See also In re El San Juan Hotel Corp.*, 149 B.R. 263, 271 (D.P.R.1992), *aff'd,* 7 F.3d 218 (1st Cir.1993)(table)("While every injury to the debtor estate derivatively injures all creditors, ... not every derivative injury will give the creditors generally the right to sue."). In determining whether an action accrues individually to a creditor or generally to the estate, a court should look to the nature of the injury for which relief is sought and consider whether it is "peculiar and personal" to the creditor or "general and common" to the estate. *Sunshine Precious Metals*, 157 B.R. at 162. *See also In re J.F.D. Enters., Inc.*, 223 B.R. 610, 621–22 (Bankr.D.Mass.1998), *aff'd on other grounds,* 2000 WL 560189 (1st Cir.2000)(table).

 The nature of the injury asserted by Debtor in his complaint is not peculiar and personal to himself. Rather, the injury is to the bankruptcy estate and only derivatively to Debtor. The heart of Debtor's complaint is that, but for Appellees' alleged wrongdoing, the Property would have sold for more than it did. That Debtor would have been the ultimate beneficiary of the increased sales price because he was entitled to a distribution of surplus funds pursuant to § 726(a)(3) does not mean that he has standing to pursue the claims alleged in the complaint. *See In re Eisen,* 31 F.3d 1447, 1451 n. 2 (9th Cir.1994)(debtor who was potentially pecuniarily affected by order dismissing the trustee's adversary proceeding against a third party does not have standing to appeal the dismissal because the trustee is representative of estate).

 Debtor's position with regard to the bankruptcy estate is analogous to that of a beneficiary of a trust. Under general principles of trust law, a beneficiary of a trust generally lacks standing to sue third parties on behalf of the trust. *Wolf v. Mitchell, Silberberg & Knupp,* 76 Cal. App.4th 1030, 90 Cal.Rptr.2d 792 (1999). In *Saks v. Damon Raike & Co.,* 7 Cal. App.4th 419, 8 Cal.Rptr.2d 869 (1992), beneficiaries of a trust brought an action on their behalf and on behalf of the trust against an attorney and a real estate broker employed by the trustee. The beneficiaries in *Saks* alleged, inter alia, breach of contract and breach of fiduciary duty. The court held that the beneficiaries did not have standing to sue the attorney and real estate broker absent the trustee's wrongful refusal to do so. *Id.,* 8 Cal.Rptr.2d at 877. The court also held that "[t]he general right of a third party beneficiary to sue on a contract made expressly for his or her benefit has no application where a trust has been created in favor of that party, and the contract in question is between the trustee and an agent of the trustee." *Id.*

 The bankruptcy court did not err in granting Appellees' motion to dismiss because Debtor lacks standing to raise the claims asserted in his complaint. Because amending his complaint would be futile, the bankruptcy court did not err in dismissing the complaint without leave to amend.[5]

## CONCLUSION

Debtor does not have standing to assert the claims raised in the complaint. We AFFIRM the Order on Motion of Defendants to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

5. In considering a motion to dismiss, a court generally may not consider matters outside the scope of the complaint. *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994); *In re Carpenter,* 205 B.R. 600, 604 (9th Cir. BAP 1997). Debtor asserts that the bankruptcy court improperly considered matters beyond the scope of the pleadings in ruling on the motion to dismiss. It is not necessary for us to reach this issue because our decision to affirm the bankruptcy court's dismissal of Debtor's complaint is based on Debtor's lack of standing, a conclusion that may be reached without resort to documents outside the scope of the pleadings.