In re: Debra CARRIGAN, Debtor,

Debra Carrigan, Appellant,

v.

Alverson, Taylor, Mortensen & Nelson; et al., Appellees.

No. 01–16942.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002 *.

Decided Aug. 22, 2002.

Before: SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Debra Carrigan appeals pro se the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's summary judgment dismissing her negligence action against the attorneys who represented the trustee of her corporate bankruptcy estate. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review legal conclusions de novo and factual findings for clear error, *Quarre v. Saylor (In re Saylor),* 108 F.3d 219, 220 (9th Cir. 1997), and affirm.

Carrigan lacked standing to bring this action because any negligence claim belonged to the bankruptcy estate and only the trustee could pursue it. *See Sierra Switchboard Co. v. Westinghouse Elec.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Corp., 789 F.2d 705, 709 (9th Cir.1986). The estate did not effectively abandon the claim to Carrigan because the estate's creditors did not receive notice of abandonment. *See id.* Moreover, Carrigan lacked standing as a solvent debtor because she failed to demonstrate that the estate was solvent. *See Stoll v. Quintanar (In re Stoll),* 252 B.R. 492, 495–96 (9th Cir.2000).

**AFFIRMED.**

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.