NOT FOR PUBLICATION

FILED

SEP 29 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | AP No. CC-13-1571-DTaSp |
| ) | |
| MICHAEL T. MEEHAN, ) | Bk. No. 13-10054-ES |
| ) | |
| Debtor. ) | Adv. Proc. No. 13-01208-ES |
| _____) | |
| MICHAEL T. MEEHAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[1] |
| ) | |
| OCWEN LOAN SERVICING, LLC; ) | |
| WELLS FARGO BANK N.A., as ) | |
| Trustee for Option One ) | |
| Mortgage Loan Trust 2007-3 ) | |
| Asset Back Certificates, ) | |
| Series 2007-3, ) | |
| ) | |
| Appellees. ) | |
| _____) | |

Submitted Without Argument[2]
on September 18, 2014

Filed - September 29, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Erithe A. Smith, Bankruptcy Judge, Presiding

Appearances:     Appellant Michael T. Meehan, pro se, on brief;
T. Robert Finlay, Nichole Glowin and Kathryn A.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] On June 5, 2014, this Panel entered an order deeming this appeal suitable for submission on the briefs.

Moorer of Wright Finlay & Zak, LLP, on brief for appellees.

Before: DUNN, TAYLOR, and SPRAKER[3], Bankruptcy Judges.

Appellant Michael T. Meehan, in his capacities as debtor and as creditor and agent for himself ("Mr. Meehan"), appeals the bankruptcy court's dismissal of his adversary proceeding ("Adversary Proceeding") against Ocwen Loan Servicing, LLC, Wells Fargo Bank, N.A., and others (collectively, "Appellees"). For the reasons stated herein, we AFFIRM.

## I.   FACTUAL BACKGROUND

Mr. Meehan and the Appellees both have filed excerpts of record, but their excerpts unfortunately are underinclusive in terms of documents necessary to our review in considering the merits of this appeal. We note that neither party provided us with a copy of the bankruptcy court's Order on Motion to Dismiss ("Dismissal Order"), which is the order on appeal. We located and reviewed the Dismissal Order and other relevant documents in exercising our discretion to review the bankruptcy court's electronic dockets in the Adversary Proceeding and in Mr. Meehan's main chapter 7 case in the Bankruptcy Court for the Central District of California ("Main Case"), and documents on record therein.[4] See O'Rourke v. Seaboard Sur. Co. (In re E.R.

---

[3] Hon. Gary A. Spraker, Chief Bankruptcy Judge for the District of Alaska, sitting by designation.

[4] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule"

continue...

-2-

Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Although in his opening and reply briefs, Mr. Meehan discusses a lengthy history of events in relation to the substantive disputes between him and his wife on the one hand and the Appellees and their agents on the other, we limit the factual narrative in this memorandum decision to facts relevant to disposition of this appeal.

A.   Background of the Dispute

On December 20, 2006, Pamela D. Lawson ("Ms. Lawson") obtained a loan in the amount of $582,250 ("Loan") from Option One Mortgage Corporation. The Loan was documented by a promissory note ("Note"). Repayment of the Loan was secured by a deed of trust ("Trust Deed") on residential property ("Property") located in Costa Mesa, California. In the Trust Deed, the Property is described as the "sole and separate property" of Ms. Lawson. However, on December 29, 2006, Ms. Lawson transferred the Property by Grant Deed to herself and Mr. Meehan as joint tenants. Mr. Meehan is Ms. Lawson's husband. Mr. Meehan never assumed any obligation to pay the Loan.

On March 25, 2009, a Notice of Default was recorded against the Property. On April 30, 2009, American Home Mortgage Servicing, Inc., as successor in interest to Option One Mortgage Corporation, recorded an Assignment transferring the Loan and

---

    [4] ...continue
references are to the Federal Rules of Civil Procedure.

Trust Deed to Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-3 Asset Backed Certificates, Series 2007-3 (the "Trust"). On June 26, 2009, a Notice of Trustee's Sale was recorded, noticing a July 22, 2009 sale date for the Property. Further complications ensued.

On April 13, 2010, Power Default Services, Inc. recorded a Notice of Rescission of the March 25, 2009 Notice of Default. A new Notice of Default was recorded on January 12, 2011, alleging that Ms. Lawson had accrued $12,607.41 in arrears on the Loan. On April 13, 2011, a Substitution of Trustee under the Trust Deed was recorded, naming Power Default Services, Inc., as trustee. On the same date, a new Notice of Trustee's Sale of the Property was recorded, setting May 4, 2011 as the foreclosure sale date for the Property. There is no indication in the record that a foreclosure sale of the Property actually took place on that date.

On January 31, 2012, Ms. Lawson and Mr. Meehan filed a complaint in the Orange County, California Superior Court for declaratory and injunctive relief and to quiet title to the Property based, in part, on allegations of fraudulent mortgage documents ("State Court Lawsuit"). The defendants removed the State Court Lawsuit to the United States District Court for the Central District of California ("District Court") on February 14, 2012. The defendants subsequently filed a motion to dismiss the State Court Lawsuit under Civil Rules 8, 9(b), 12(b)(1) and 12(b)(6). Apparently, Ms. Lawson and Mr. Meehan did not file an opposition to the defendants' motion to dismiss.

On March 27, 2012, the District Court granted the

-4-

defendants' motion to dismiss with leave to amend. However, in the dismissal order, the District Court cautioned Ms. Lawson and Mr. Meehan that if they did not file an amended complaint by the April 9, 2012 deadline set by the District Court, the State Court Lawsuit would be dismissed with prejudice.

When no amended complaint was filed by the deadline, the District Court dismissed the State Court Lawsuit with prejudice by order entered on April 24, 2012. A judgment dismissing the State Court Lawsuit with prejudice as to all defendants was entered by the District Court on May 2, 2012. There is no indication in the record, and the parties do not assert, that any appeal was taken from the dismissal of the State Court Lawsuit.

Another Notice of Trustee's Sale for the Property, setting a foreclosure sale date of November 19, 2012, was recorded on October 17, 2012. However, there is no indication in the record that the Property in fact has been sold at a foreclosure sale at any time.[5]

B.  Mr. Meehan's Chapter 7 Case

Mr. Meehan filed a petition for relief under chapter 7 on January 3, 2013. His § 341(a) meeting was held on March 6, 2013, and the chapter 7 trustee filed a "no asset" report on that same day.

On November 25, 2013, Mr. Meehan filed a Motion to Compel Abandonment of [the Property] ("Motion to Abandon") and a Notice of Motion for Order Without Hearing with respect to the Motion to

_____

[5]  In addition, Ms. Lawson apparently filed her own chapter 7 case, but whatever occurred in her bankruptcy did not resolve the issues that Mr. Meehan is raising before us.

Abandon. Our review of the Main Case docket indicates that no hearing has been set on the Motion to Abandon, and no action has been taken on the Motion to Abandon by the bankruptcy court. Mr. Meehan has not yet received a discharge, and the Main Case has not been closed.

C. The Adversary Proceeding

Mr. Meehan filed his complaint ("Complaint") in the Adversary Proceeding on June 18, 2013. In the prolix Complaint, Mr. Meehan essentially seeks injunctive relief and to quiet title to the Property against the claims of the defendants, including the Appellees, compensatory damages in excess of $600,000, punitive damages and attorneys fees. Appellees argue that the Complaint asserts claims against them that are "similar – if not identical" to the claims asserted by Ms. Lawson and Mr. Meehan in the dismissed State Court Lawsuit. Appellees' Brief, at 4-5. Whether that assertion is true or not ultimately is not material to our disposition in this appeal.

On July 22, 2013, Appellees filed a motion to dismiss ("Motion to Dismiss") the Adversary Proceeding on the ground, among other things, that Mr. Meehan did not have standing to pursue the claims stated in the Complaint. Mr. Meehan filed his opposition ("Opposition") to the Motion to Dismiss on August 29, 2013.[6] In his Opposition, among other arguments, Mr. Meehan

---

[6] Perhaps not understanding the import of the Motion to Dismiss, on August 21, 2013, Mr. Meehan filed a request for entry of default that ultimately was overruled by an order of the bankruptcy court entered on November 5, 2013. Since no issue is before us in this appeal with respect to Mr. Meehan's efforts to

continue...

argued that his title interest in the Property gave him standing to pursue the claims in the Adversary Proceeding and that the chapter 7 trustee had abandoned any interest in the Property. Appellees filed a reply ("Reply") to the Opposition on September 5, 2013, arguing that the estate had not abandoned either the Property or the related claims asserted in the Complaint.

A hearing ("Hearing") was conducted by the bankruptcy court on the Motion to Dismiss on November 14, 2013.[7] Since Mr. Meehan appeared pro se at the Hearing, the bankruptcy court went to considerable pains to explain the basis for its ruling to him. First, the claims asserted in the Complaint arose prior to Mr. Meehan's chapter 7 filing; so, they were property of his bankruptcy estate. "In other words, they belong to the bankruptcy case or the bankruptcy estate." Tr. of Nov. 14, 2013 hr'g, 2:9-10. "[U]nder the Bankruptcy Code, the Chapter 7 Trustee is the bankruptcy estate's sole representative. It is the Chapter 7 Trustee that prosecutes claims that belong to the bankruptcy estate." Id. at 2:19-22.

The bankruptcy court went on to explain how claims could be abandoned by the estate so that the debtor could prosecute them, but in Mr. Meehan's case, the claims in the Adversary Proceeding

[6]...continue
obtain a default judgment against the defendants in the Adversary Proceeding, we do not address this matter further.

[7] Apparently, the bankruptcy court posted a tentative ruling on the motion prior to the Hearing, but it is not included on the Adversary Proceeding docket, and the parties have not included it in their excerpts of record for our review.

-7-

had not been formally abandoned.

> So where we are right now, there has not been a formal abandonment. Because the only way you can abandon claims is either by a motion and an order by the Court or closing of the case. Even if the Trustee, which the Trustee I believe did in this case, files the report – basically we call it a no-asset report where the Trustee says there are no assets that I'm going to administer in the case. Even that's not sufficient to constitute an abandonment. There either has to be a motion and a hearing and an order or the case is closed.

Tr. of Nov. 14, 2013 hr'g, 4:20-25 – 5:1-4.

The bankruptcy court went on to advise Mr. Meehan that, "If the claims are abandoned back to you and they no longer belong to the estate, in my view, this Court loses jurisdiction over those claims because they no longer can [affect] the administration of the case." Tr. of Nov. 14, 2013 hr'g, 5:9-12. In moving to a conclusion at the Hearing, the bankruptcy court emphasized that it only was granting the Motion to Dismiss based on Mr. Meehan's lack of standing "because this is a Chapter 7, and the Chapter 7 Trustee is the only person who has standing to bring these claims." Tr. of Nov. 14, 2013 hr'g, 18:25 – 19:1-2.

The bankruptcy court entered the Dismissal Order on December 2, 2013, dismissing the Adversary Proceeding with prejudice based on Mr. Meehan's lack of standing. Mr. Meehan filed a premature notice of appeal on November 27, 2013 that we have treated as timely.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(K) and (O). We have jurisdiction under 28 U.S.C. § 158.

-8-

### III.  ISSUE

Did the bankruptcy court err in dismissing the Adversary Proceeding based on Mr. Meehan's lack of standing?[8]

### IV.  STANDARDS OF REVIEW

We review a bankruptcy court's decision to grant a motion to dismiss an adversary proceeding complaint on the pleadings de novo.  Henry A. v. Willden, 678 F.3d 991, 998 (9th Cir. 2012); Movesesian v. Victoria Versicherung AG, 670 F.3d 1067, 1071 (9th Cir. 2012) (en banc).  Likewise, we review issues as to a party's standing de novo.  Loyd v. Paine Webber, Inc., 208 F.3d 755, 758 (9th Cir. 2000); Aheong v. Mellon Mortg. Co. (In re Aheong), 276 B.R. 233, 238 (9th Cir. BAP 2002).  De novo means that we review a matter anew, as if no decision previously had been rendered.  Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

---

[8]  In the Dismissal Order, the bankruptcy court dismissed the Adversary Proceeding with prejudice because even if the claims asserted in the Complaint were abandoned pursuant to § 554, the bankruptcy court would not have jurisdiction to hear them, and Mr. Meehan would have to pursue the claims in a "nonbankruptcy court of appropriate jurisdiction to the extent allowed by such nonbankruptcy court."  Mr. Meehan does not argue any issue with respect to the bankruptcy court's dismissal of his claims "with prejudice" either in his opening brief or in his reply brief.  Accordingly, that issue is waived.  See Christian Legal Soc. v. Wu, 626 F.3d 483, 487-88 (9th Cir. 2010); Wilcox v. C.I.R., 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (even pro se litigants must brief their arguments on appeal, or they are waived); Miller v. Fairchild Indus., Inc., 797 F.2d 727, 737 (9th Cir. 1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief . . . .") (citing Int'l Union of Bricklayers and Allied Craftsmen Local No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir. 1985)); Jodoin v. Samayoa (In re Jodoin), 209 B.R. 132, 143 (9th Cir. BAP 1997).

The fact findings underlying a bankruptcy court's decision on standing are reviewed for clear error. American-Arab Anti-Discrimination Comm. v. Thornburgh, 970 F.2d 501, 506 (9th Cir. 1991). A bankruptcy court clearly errs in its fact findings if they are illogical, implausible or without any support in the evidentiary record before it. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

A party seeking to prosecute claims before a federal court bears the burden to establish that it has standing to assert those claims. Allen v. Wright, 468 U.S. 737, 750-51 (1984). In order for a debtor in a chapter 7 bankruptcy case to have standing to prosecute claims in an adversary proceeding, the debtor, rather than the bankruptcy estate, must own the claims. Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001). When a bankruptcy case is filed, an estate is created that is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). "The scope of section 541 is broad, and includes causes of action." Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986) (citing United States v. Whiting Pools, Inc., 462 U.S. 198, 205 & n.9 (1983)). As noted by the bankruptcy court at the Hearing, the claims asserted by Mr. Meehan in the Complaint all arose prior to his bankruptcy filing. Accordingly, those claims became property of his bankruptcy estate when he filed for relief under chapter 7.

Under § 323, the trustee, and not the debtor, is the representative of the bankruptcy estate with the capacity to sue

and be sued. See § 323(a) and (b); and Stoll v. Quintanar (In re Stoll), 252 B.R. 492, 495 (9th Cir. BAP 2000). "Only a trustee may pursue a cause of action belonging to the bankruptcy estate." Id. The debtor can pursue such claims only if they are abandoned by the estate. See § 554; Carroll v. JP Morgan Chase Bank, 2014 WL3361990 (5th Cir. July 10, 2014) (unpublished); Hernandez v. Downey Sav. & Loan Assoc., 2009 WL 704381 at *4 (S.D. Cal. 2009); 3 Collier on Bankruptcy ¶ 323.03[1] (Alan N. Resnick and Henry J. Sommer eds., 16th ed. 2014) ("After appointment of a trustee, a debtor no longer has standing to pursue a cause of action that existed at the time the order for relief was entered.").

Under § 554, property of the estate can be abandoned in three ways. Upon motion of the trustee, after notice and a hearing, property that is burdensome to the estate or that is of inconsequential value, can be abandoned. See § 554(a). The Main Case docket reflects that although a "no asset" report was filed reflecting the trustee's view that no assets were available for administration, the trustee never moved to abandon any assets, including the claims asserted by Mr. Meehan in the Adversary Proceeding.

On motion or request of the debtor or any other party in interest, after notice and a hearing, the court may order the trustee to abandon property of the estate that is burdensome or of inconsequential value. See § 554(b). As noted above, Mr. Meehan filed in the Main Case the Motion to Abandon, that arguably would apply with respect to the claims he asserted in the Adversary Proceeding, and a Notice of Motion for Order

-11-

Without Hearing with respect to the Motion to Abandon. However, the Main Case docket further reflects that no order has been entered granting or otherwise considering the Motion to Abandon.[9]

Finally, property of the estate that is not administered at the time that a bankruptcy case is closed is abandoned to the debtor. See § 554(c). However, Mr. Meehan's chapter 7 case has not been closed.

In the absence of any of the actions contemplated in §§ 554(a), (b) or (c), "unless the court orders otherwise" (which likewise has not occurred here), estate property is not abandoned and remains property of the estate. See § 554(d). The bankruptcy court so found, and we see no error in the bankruptcy court's fact findings. In these circumstances, the trustee, as representative of the bankruptcy estate, had standing to prosecute the claims asserted in the Complaint as the real party in interest, and Mr. Meehan, as the debtor, did not have standing. See Civil Rule 17, particularly Civil Rule 17(a)(1)(G), applicable with respect to adversary proceedings in bankruptcy under Rule 7017.

---

[9] Part of Mr. Meehan's problem in seeking relief in the Motion to Abandon may have been his request to have the motion granted without a hearing, contrary to the requirements of § 554(b). In addition, the "Mailing List" for the Motion to Abandon reflects that it was mailed to the Appellees and their counsel and the chapter 7 trustee, but it does not reflect service on all parties in interest in the Main Case. The Ninth Circuit has held that "there is no abandonment without notice to creditors." Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d at 709 (citing 4 Collier on Bankruptcy ¶ 554.01 at 554-3 (15th ed. 1985), and In re Tucci, 47 B.R. 328, 331 (Bankr. E.D. Va. 1985) (party proposing abandonment must give notice)).

But, Mr. Meehan argues that he has standing independent of his position as debtor, as his own agent and/or as a creditor of the estate. Appellant's Opening Brief at 7. Mr. Meehan's argument is somewhat confusing in that he goes on to argue that he has standing "as a natural person and UCC 1 holder" of all property rights of himself as debtor and as appellant in this appeal. Appellant's Opening Brief at 8. In any event, whatever the merits of Mr. Meehan's arguments that he may have standing to pursue claims in other contexts in his capacity as agent or creditor for himself where he has no standing personally (and we have our doubts), his argument does not work in this case.

An agent is no more than the representative of the principal, and the principal here is Mr. Meehan, i.e., a chapter 7 debtor. An agent is "[o]ne who represents and acts for another under the contract or relation of agency." Black's Online Legal Dictionary (2d ed.). Mr. Meehan as agent has no more standing to assert the Adversary Proceeding claims than does Mr. Meehan as debtor. Without abandonment of the claims pursuant to § 554, Mr. Meehan has no standing to pursue them either as principal or as agent.

Creditors in a bankruptcy case do not have standing to assert claims based on an alleged injury that is common to all creditors and is derivative from claims of the debtor. In re Stoll, 252 B.R. at 495-96. In the Complaint, the only basis for standing asserted by Mr. Meehan is his interest as "a lawful title owner" of the Property. His status as a creditor is not even mentioned. Based on the factual assertions and arguments made in Mr. Meehan's briefs, we can only assume that

-13-

Mr. Meehan's alleged claims as a creditor are derivative from his claims as a title owner of the Property, claims that belong to his bankruptcy estate.

At its core, Mr. Meehan's argument is that because the chapter 7 trustee has not adequately investigated his claims and does not believe enough in the validity of his claims to pursue them, his "verifiable and proven property rights" are adequate to confer standing on him to prosecute the Complaint in the Adversary Proceeding. As a matter of law, the bankruptcy court determined otherwise, and we conclude that the bankruptcy court did not err in determining that Mr. Meehan had no standing to pursue the claims stated in the Complaint in the absence of abandonment of the subject claims under § 554. We perceive no error in the bankruptcy court's entry of the Dismissal Order on that basis.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM the Dismissal Order.

-14-