**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-15-1262-TaKuD |
| | ) | |
| YAN SUI, | ) | Bk. No. 8:11-bk-20448-CB |
| | ) | |
| Debtor. | ) | Adv. No. 8:13-ap-01246-CB |
| _____ | ) | |
| | ) | |
| YAN SUI, | ) | |
| | ) | |
| Appellant,* | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**** |
| | ) | |
| | ) | |
| RICHARD A. MARSHACK, Chapter 7 | ) | |
| Trustee; 2176 PACIFIC | ) | |
| HOMEOWNERS ASSOCIATION; | ) | |
| SCOTTSDALE INSURANCE COMPANY; | ) | |
| JOHN CHANCE, Avenue Realty & | ) | |
| Lending; ERIC F. KING; | ) | |
| MCKENNA, LONG AND ALDRIDGE, | ) | |
| LLP; MISTY VANARKEL, | ) | |
| Executive Mortgage Specialist, | ) | |
| Wells Fargo Home Mortgage, | ) | |
| | ) | |
| Appellees.*** | ) | |
| _____ | ) | |

---

* Pei-Yu Yang also signed the opening appellate brief. Although she is the named plaintiff in the underlying adversary proceeding, the order on appeal was not entered against Yang; thus, she is not a party to this appeal.

** This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

*** Only three appellees filed briefs on appeal: Richard A. Marshack, Chapter 7 Trustee; 2176 Pacific Homeowners Association; and Scottsdale Insurance Company. The remaining appellees waived their rights to appear in this case pursuant to the conditional waiver order entered by the BAP Clerk of Court.

Argued and Submitted on March 17, 2016
at Pasadena, California

Filed – April 11, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

Appearances:    Appellant Yan Sui argued pro se; Chad V. Haes of Marshack Hayes LLP argued for appellee Richard A. Marshack, Chapter 7 Trustee; Allyson Suzanne Ascher of Bonne Bridges Mueller O'Keefe & Nichols argued for appellee 2176 Pacific Homeowners Association; Meka Moore of Selman Breitman LLP argued for appellee Scottsdale Insurance Company.

Before:   TAYLOR, KURTZ, and DUNN, Bankruptcy Judges.

**INTRODUCTION**

Chapter 7[1] debtor Yan Sui, pro se, appeals from a bankruptcy court order denying his motion requesting an order to show cause why the chapter 7 trustee, trustee's counsel, 2176 Pacific Homeowners Association, and Scottsdale Insurance Company, among others, should not be held in civil contempt under § 105(a) for violating his § 524(a) discharge injunction. The bankruptcy court denied the Debtor's motion based on a determination that the Debtor lacked standing.

We disagree with the bankruptcy court's determination regarding standing. Nonetheless, on other grounds apparent from the record, we AFFIRM.

---

[1]   Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

**FACTS**

Shortly after the Debtor filed a chapter 7 petition, his trustee, Richard A. Marshack, learned of the Debtor's pre-petition transfer of his interest in real property located in Costa Mesa, California (the "Property") to Pei-Yu Yang. Although the record is not clear, it appears that Yang is the Debtor's wife, ex-wife, or longtime domestic partner.

The Trustee commenced an adversary proceeding against Yang (the "Avoidance Proceeding") and successfully avoided the transfer as a fraudulent conveyance. The Avoidance Proceeding order, in addition to avoiding the transfer, characterized the Debtor's interest in the Property as property of the estate; provided that the estate and Yang held title to the Property as joint tenants; and authorized the Trustee to recover and administer the estate's interest in the Property for the benefit of creditors.[2]

In the meantime, the Debtor received a chapter 7 discharge.

The Trustee then commenced a second adversary proceeding against Yang, and sought to compel turnover of the Property, sell it pursuant to § 363, and surcharge Yang's interest in the Property (the "Turnover Proceeding"). The Trustee also prevailed in the Turnover Proceeding. A resulting order, among other things, required immediate turnover of the Property and authorized the Trustee to sell the Property, including any

---

[2] Yang appealed this order to the Ninth Circuit, which affirmed. As a result, the determination that the Debtor fraudulently transferred his interest in the Property is now final.

interest held by Yang, free and clear of all interests.[3]

In order to effectuate the Turnover Order, the Trustee moved for a "writ of assistance," seeking authorization to evict all occupants from the Property. The bankruptcy court granted the motion, resulting in the Debtor's (and Yang's) eviction from the Property. The Trustee also successfully obtained an order approving a sale of the Property under § 363(b) and (m).[4]

The Debtor responded with a motion for an order to show cause why the Trustee, his attorneys, and a number of other parties should not be held in civil contempt for violating the discharge injunction ("OSC Motion"). In the OSC Motion, the Debtor argued that the Trustee violated his discharge injunction through his actions with regard to the Avoidance Proceeding, the Turnover Proceeding, the eviction of the Debtor and Yang, and the sale of the Property. He also argued that the other parties violated his discharge injunction through their participation in the sale, through representation of the Trustee, or by failing to withdraw proofs of claim filed in the Debtor's bankruptcy case. In short, he argued exclusively that activity to collect, liquidate, and administer his bankruptcy estate and to evidence claims against his bankruptcy estate violated the discharge in

---

[3] Yang appealed the order to this Panel, which dismissed the appeal as moot. See BAP No. 14-1498. Yang then appealed the dismissal order to the Ninth Circuit, where it remains pending. See 9th Cir. No. 15-60066.

[4] The Debtor appealed from the sale order. See BAP No. 15-1200. The Panel dismissed that appeal as moot. An appeal of the dismissal order is currently pending before the Ninth Circuit. See 9th Cir. No. 15-60065.

4

his bankruptcy case.

At a hearing, the bankruptcy court denied the OSC Motion. It explained that the Debtor was not a party to the Turnover Proceeding and, thus, that he lacked standing to bring the OSC Motion. The bankruptcy court also patiently explained that a bankruptcy trustee can sometimes have "years of work" after entry of a debtor's discharge in a bankruptcy case and that the discharge related only to the Debtor's personal liability for debts.

Following the bankruptcy court's entry of the order denying his motion, the Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the Debtor had standing to file the OSC Motion; if so, whether the bankruptcy court abused its discretion in denying the motion.

## STANDARDS OF REVIEW

Standing is an issue that we review do novo. Paine v. Dickey (In re Paine), 250 B.R. 99, 104 (9th Cir. BAP 2000).

We review the bankruptcy court's decision to deny the OSC Motion for an abuse of discretion. Hilao v. Estate of Marcos, 103 F.3d 762, 764 (9th Cir. 1996). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in

5

inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

We may affirm on any basis supported by the record. See Johnson v. Neilson (In re Slatkin), 525 F.3d 805, 810 (9th Cir. 2008).

## DISCUSSION[5]

The bankruptcy court denied the OSC Motion based on a determination that the Debtor was not a party to the Turnover Proceeding and the conclusion that the Debtor, thus, lacked standing to bring the OSC Motion. We disagree with this conclusion. A debtor invariably has standing to assert claims based on an alleged violation of his discharge injunction. Thus, the bankruptcy court erred.

On this record, however, the error was harmless; the Debtor's allegations of discharge violative conduct are without

---

[5] In his opening brief and reply brief on appeal, the Debtor apparently requests that we take judicial notice of the excerpts of record filed in several other appeals to this Panel (BAP Nos. CC-14-1022, CC-14-1498, CC-14-1439, and CC-15-1200), as part of the record in this appeal. We deny the Debtor's requests. In reviewing the bankruptcy court's decision here, we consider only those documents presented to it in connection with the order on appeal. See Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir. 1988).

We do, however, exercise our discretion to take judicial notice of the existence of certain related appeals and documents electronically filed in the adversary proceeding, the underlying bankruptcy case, and the related appeals, to the extent pertinent. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

merit.

A debtor's discharge injunction does not preclude his trustee from initiating recovery actions or from seeking to sell or obtain possession of estate assets. Once a debtor's trustee prevails in a recovery action or obtains the right to possession or sale of estate assets, a debtor's discharge does not bar the trustee from implementing the resulting orders. Similarly, a debtor's discharge does not bar his pre-petition creditors from filing and maintaining claims against estate assets in the case from which the discharge issues. Ultimately, the Debtor's allegations of discharge violations are meritless because the Trustee and other appellees acted consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or bankruptcy court orders.

In seeking to avoid the Debtor's fraudulent transfer to Yang, to recover physical possession of the Property, and to sell the Property for the benefit of creditors, the Trustee carried out his duties as the administrator of the bankruptcy estate under § 704(a)(1). Indeed, in the absence of a sale, only the Trustee could pursue fraudulent transfer claims under the Bankruptcy Code. See, e.g., Stoll v. Quintanar (In re Stoll), 252 B.R. 492, 495 (9th Cir. BAP 2000).

Further, in connection with the eviction and sale, the Trustee acted as authorized by bankruptcy court order. These actions consistent with the obligation to "collect and reduce to money the property of the estate" did not violate the Debtor's discharge injunction - there was no collection, recovery, or offset of a debt as a personal liability against the Debtor.

7

This reasoning applies with equal force to the Trustee's agents and to those who purchased the Property as allowed by bankruptcy court order.

At oral argument, appellees 2176 Pacific Homeowners Association and Scottsdale Insurance Company made clear that neither took any collection action independent of the filing of a proof of claim as allowed by § 501(a). As the Debtor received a discharge only in the underlying bankruptcy case, his creditors did not violate the discharge injunction when they filed timely proofs of claim and refrained from withdrawing them after discharge issued.

In sum, none of the appellees' actions violated the § 524(a) injunction.

**CONCLUSION**

Based on the foregoing, we AFFIRM the bankruptcy court's denial of the OSC Motion.

8